UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOUGLAS EDMONSTON,

        Plaintiff,

v.                                                                 Case No. 10-CV-701

DR. GANNON and DR. ALBA,

        Defendants.

## ORDER

The plaintiff, who is confined at the Wisconsin Resource Center, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that he has been deprived of medical care for a separated shoulder. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*, and his motion for the appointment of counsel.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and has paid an initial partial filing fee of $1.81.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In order "[t]o state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his complaint, the plaintiff maintains that he separated his shoulder in April 2010, and has suffered significant pain because his prison doctors, Dr. Gannon and Dr. Alba, failed to have his injury x-rayed until July 2010, and still have not arranged for his shoulder to be reset.

The Eighth Amendment's prohibition of cruel and unusual punishment forbids deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976). To establish liability, a prisoner must demonstrate both an objectively serious medical condition, and an official's deliberate indifference to that condition. *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). A medical

-2-

condition is objectively serious if a physician has determined that treatment is mandated, or if it is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 584-85 (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). A prison official is deliberately indifferent if he knows of a substantial risk of harm and disregards that risk. *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007). Delayed treatment "may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). Accordingly, at this preliminary stage in the proceedings, the plaintiff has stated an Eighth Amendment claim that his prison doctors were deliberately indifferent to a serious medical condition.

The plaintiff also asks the court to appoint an attorney to represent him, as he contends that he does not understand the legal system, has significant mental limitations, and lacks access to a law library. In support, the plaintiff submits the affidavits of his fellow inmate Raymond Kelley, stating that inmate Kelley will no longer be able to assist him with this case due to his own legal matters and anticipated interference by institution staff.

Indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). While the court is authorized to request an attorney to represent an indigent civil litigant pursuant to 28 U.S.C. § 1915(e)(1), the threshold inquiry under § 1915(e)

is whether the plaintiff has made a reasonable, but unsuccessful, effort to retain counsel on his own. *Id.* at 654-55. Because the plaintiff has documented his unsuccessful efforts to retain an attorney, the court must consider the question of "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty." *Id.* at 655. Thus far, the plaintiff's filings have been quite literate and clear. Apparently, the plaintiff's filings have benefitted from the assistance of another inmate, but this does not indicate that the plaintiff is incapable of litigating, especially as the loss of that assistance appears speculative and as the plaintiff's claim that two defendants have failed to treat his separated shoulder is straightforward and not overly difficult. Because the record thus far indicates that the plaintiff is litigating this matter competently, the court declines to recruit counsel for the plaintiff at this point in the proceedings.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #6) be and the same is hereby **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Attorney General for service on the state defendants.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.19 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the Wisconsin Resource Center.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable J.P. Stadtmueller
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 24th day of November, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge